UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER DENNIE,

v.                                          Case No. 8:00-cr-451-T-17TBM
                                                      8:04-cv-2803-T-17TBM

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court upon Defendant's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (hereafter "motion to vacate") (Doc. cv-1, cv-5, cr-201). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **DENIED.**

A federal grand jury charged Andrew Smith and Walter Dennie by superseding indictment with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846(count one) and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count two). (Doc. cr-77).

The Government filed a notice of enhancement pursuant to 21 U.S.C. § 851, by which it noticed Dennie that he was subject to an enhanced sentence based on a 1989 Illinois conviction for possession of a controlled substance. (Doc. cr-42).

On April 2, 2001, Dennie filed a motion to suppress or reveal confidential informant in camera. (Doc. cr-48). At the outset of his motion to suppress, Dennie requested the suppression of "all evidence gained by Law Enforcement in the arrest which occurred on November 22, 2000." (Doc. cr-48 at 1). However, the motion essentially sought a pretrial hearing on the issue of entrapment and an in camera hearing to disclose the confidential informant's identity. (Doc. cr-48 at 7).

In its response to Dennie's motion to suppress, the Government asserted that whether Dennie would be entitled to have the jury instructed on the issue of entrapment was a determination for a later date. The Government also asserted that Dennie's co-defendant was the contact who brought Dennie into the drug transaction. In addition, the Government asserted that it was Dennie who obtained a vehicle specifically outfitted with hidden compartments for the transportation of the cocaine, and it was the intention of the conspirators in this case to engage in a long-term operation. (Doc. cr-52).

During the May 10, 2001, status conference, defense counsel for Dennie advised the Court that the motion to suppress based on the entrapment defense was withdrawn. (Doc. cr-63). The court granted the alternative motion to reveal the identity of the confidential informant (CI) and the Government was ordered to disclose the identity of the CI no later than 10 days before trial. On November 16, 2001, a jury convicted Smith on count one and Dennie on counts one and two. (Docs. cr-103, cr-104).

On February 19, 2002, Dennie filed a motion for new trial based on newly discovered evidence, claiming that the Government's informant had an undisclosed alias and conviction. (Doc. cr-129). The court denied Dennie's motion. (Doc. cr-143). On April 26,

2003, the Court sentenced Dennie to 240 months incarceration, following by 10 years of supervised release. (Docs. cr-145, cr-146).

Dennie directly appealed his conviction to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 02-12515.  Dennie raised the following issues on appeal:

1. Whether the district court properly admitted into evidence the challenged tape recordings. (Issue I)

2. Whether the district court erred in denying Dennie's motion for judgments of acquittal. (Issues II and III).

On March 5, 2004, the Eleventh Circuit affirmed the disposition of this case. United States v. Dennie, 92 Fed. Appx. 780 [Table]; 2004 WL 298366 (11th Cir. 2004).  Dennie had challenged both convictions on the ground that the evidence was insufficient to convict. ( See Attachment A to Document 8).  The Eleventh Circuit disagreed and held that the Government's evidence was overwhelming. (Doc. cr-200).

As to count one, the appellate Court specially rejected Dennie's argument that the evidence failed to establish an agreement between Dennie and his co-defendant Smith. The Eleventh Circuit found that Dennie overlooked Smith's testimony that he, Smith, brokered the cocaine deal between Dennie and the CI, Johnson, and expected to earn a commission for his efforts. (Doc. cr-200 at 2).  Dennie also ignored that Smith was planning to take the cocaine to his house and store it unless Dennie could find someone to transport the cocaine from Sarasota to Chicago.

As to count two, the Eleventh Circuit held that there was no doubt that Dennie constructively, if not actually, possessed the cocaine with intent to distribute.

On December 29, 2004, Dennie filed his first section 2255 motion and memorandum of law. On January 4, 2004, the Court ordered Dennie to file an amended motion using the proper form.

On January 14, 2005, Dennie filed his amended motion to vacate and memorandum of law. (Docs. cv-5, cv-6). He raises the following claims:

    a.    Counsel was ineffective for failing to argue the entrapment defense.

    b.    Counsel was ineffective for failing to correct his criminal history. The conviction used to enhance his sentence was a misdemeanor, not a felony.

    c.    Violation of Dennie's Sixth Amendment rights as defined in Blakely v. Washington, 124 S.Ct. 2531 (2004).

The Government responded on April 1, 2005; Dennie filed a reply to the response on June 9, 2005, and on that same date, filed a motion to amend/correct motion to vacate. (Docs. cv-12, cv-13).

## ENTRAPMENT

Dennie alleges his counsel provided ineffective assistance of counsel by failing to present an entrapment defense at trial.

The Supreme Court has held that entrapment requires the defendant to establish that the government in some way "induced[d the] commission of the crime." Jacobson v. United States, 503 U.S. 540, 548 (1992). Moreover, the Government's inducement of the crime must possess some "element of persuasion or mild coercion." United States v. Andrews, 765 F.2d 1491, 1499 (11th Cir. 1985).

Entrapment is an affirmative defense, and the defendant bears the initial burden of presenting evidence beyond a mere scintilla that the Government induced him to commit

an offense he was not otherwise predisposed to commit. United States v. Quinn, 123 F.3d 1415, 1423 (11th Cir. 1997). There is no entrapment where a defendant is ready and willing to break the law and the Government agents merely provide what appears to be a favorable opportunity for the defendant to commit the crime. For example, it is not entrapment for a Government agent to pretend to be someone else and to offer, either directly or through an informer or other decoy, to engage in an unlawful transaction with the defendant. (Pattern Jury Instruction 13.2)

The affirmative defense of entrapment requires an analysis of two factors: 1) inducement by the Government; and, 2) the defendant's lack of predisposition to commit the crime. United States v. West, 898 F.2d 1493, 1502 (11th Cir. 1990), cert. denied, 498 U.S. 1031 (1991). In order to meet that burden, the defendant must present more than a scintilla of evidence that the Government's conduct created a substantial risk that the offense would be committed by a person not ready to do so. Id.

Dennie's claim that his counsel did not properly research, understand or challenge the Government's confidential informant, particularly as to the issue of entrapment, is frivolous. Counsel addressed the entrapment issue at length in his motion to suppress. (Doc. cr-48). During trial, counsel properly cross-examined the CI (Doc. cr-132), and after conviction, filed a motion for new trial raising several claims regarding the CI's credibility and prior criminal history. (Doc. cr-129).

In light of the facts of this case, Dennie could not show either 1) that he was induced by the Government; or 2) that he was not predisposed to deal in drugs, so he withdrew his motion to suppress. While the CI had communications with Dennie leading up to the final

transaction with an undercover detective, the CI did not recruit Dennie to participate in the charged act.

The evidence at trial demonstrated that Dennie was recruited by his co-defendant, Smith, who brokered the deal. (Doc. cr-158 at 17-22). Evidence also showed that it was Dennie who obtained a vehicle specifically outfitted with hidden compartments for the transportation of the cocaine. (Doc. cr-159 at 119-121) and that he intended to engage a long-term operation. (Doc. cr-159 at 126). Furthermore, Dennie had previously been convicted of possession of a controlled substance in Illinois. (Doc. cr-42) Thus, Dennie cannot show that he was not predisposed to the possession of illegal substances.

Therefore, because entrapment was not a viable defense for counsel to pursue, Dennie cannot now be held ineffective for withdrawing his entrapment defense before trial.

Courts give great deference defense counsel's trial choices that are arguably dictated by a reasonable trial strategy. Devier v. Zant, 3 F.3d 1445, 1450 (11th Cir. 1995). Thus, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. Strickland v. Washington, 466 U.S. 668, 690 (1984); see also, Baxter v. Thomas, 45 F.3d 1501, 1513 (11th Cir. 1995). Dennie has filed to show that counsel's performance was deficient and is not entitled to relief on this claim.

CRIMINAL HISTORY

Dennie claims counsel did not review his criminal history and failed to meet counsel's duty of due diligence when he allowed an old misdemeanor conviction to be counted for sentencing purposes as though it were a felony. (Doc. cr-5 at 6, cv-6 at 7-8). As proof, Dennie attaches a certified statement of conviction/disposition for case no. 89-cr-

6

00623101. (Doc. cv-6, exh. 3)  Dennie's allegations are false and frivolous.  First, the presentence investigation confirmed the validity of his conviction.  Presentence Investigation Report (PSR) ¶ 54.  In addition, and contrary to his assertions, Exhibit 3 shows that Dennie was charged with two felonies.

Dennie also confuses an enhancement pursuant to 21 U.S.C. § 851 with an enhancement for a career offender pursuant to USSG § 4B1.1  Under 21 U.S.C. § 851(a), a notice to the Court must be filed when a person has one or more prior felony drug convictions before he can receive increased punishment because of his prior convictions.  There are no other qualifications for the prior convictions.  The Government filed such notice identifying a prior conviction for possession of a controlled substance.  (Doc. cr-42).  Therefore, the record is clear that there was no error in sentencing Dennie under this enhancement.

To prevail on both of his claims of ineffective assistance of counsel, Dennie must demonstrate both deficient performance and resulting prejudice.  None of Dennie's claims meet the performance prong; therefore, he is not entitled to relief.

## BLAKELY CHALLENGE TO HIS SENTENCE

Dennie is not entitled to relief on his claim challenging his sentence under Blakely v. Washington, 542 U.S. ----, 124 S.Ct. 2531 (2004), and the more recently decided United States v. Booker, --- U.S. ----, 125 S.Ct. 738 (2005).  These cases do not apply retroactively on collateral review.  Varela v. United States, 400 F.3d 864 (2005).

This Court sentenced Dennie in a proceeding that was consistent with the law in existence at the time.  Dennie's conviction then became final on June 5, 2004, before the Supreme Court announced its decision in Booker on January 12, 2005.

Accordingly, the Court orders:

1. That Dennie's 28 U.S.C. § 2255 motion to vacate (Doc. cv-1, cv-5, cr-201) is denied. The Clerk is directed to enter judgment against Dennie in the civil case and to CLOSE THAT CASE.

2. That Dennie's motion to amend/correct motion to vacate (Doc. cv-13) is denied,

ORDERED in Tampa, Florida, on July 26, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James C. Preston, Jr.
Walter R. Dennie